UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| MICHAEL ADRIAN HOWARD, | ) | |
| Plaintiff, | ) ) ) | Civil No. 0: 22-094-WOB |
| V. | ) ) | |
| COMMONWEALTH OF KENTUCKY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Michael Adrian Howard is pretrial detainee currently confined at the Greenup County Detention Center located in Greenup, Kentucky. Proceeding without an attorney, Howard has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants the Commonwealth of Kentucky, Commonwealth's Attorney for Greenup County Melvin Leonhart (incorrectly identified as "Leinheart"), Assistant Commonwealth's Attorney Joseph Merkle, and Greenup County Circuit Court Judge Brian McCloud. [R. 1][1] Howard has not paid the $350.00 filing fee and the $52.00 administrative fee, nor has he filed a motion for leave to proceed *in forma pauperis*.

Even so, because Howard is a prisoner suing government officials, the Court will proceed with conducting a preliminary review of Howard's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Howard's factual allegations as true

---

[1] Howard originally filed his complaint in the United States District Court for the Western District of Michigan. However, after that Court determined that proper venue lies in the Eastern District of Kentucky, the case was transferred here. [R. 3, 4]

-1-

and liberally construes Howard's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Howard's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Howard*, 321 F.3d 569, 573 (6th Cir. 2003).

In his complaint, Howard alleges that, as of October 13, 2022 at approximately 10:30 A.M., "I have remained incarcerated for 42 months and I am still in court my bond has been $100,000 the whole time. I've had five trial dates my attorney Natasha L. Kinnan has had a fast and speedy motion filed since August 19, 2021 therefore, I feel my due process has been violated." [R. 1 at p. 5]² As relief, he requests that his criminal case pending in Greenup County Circuit Court be dismissed or resolved and, if it is dismissed, "I would like to sue for everyday I've [sat] in here away from my family and everything I've lost along the way including money I've spent while incarcerated." [*Id*.]

However, Howard's complaint will be dismissed for failure to state a claim for which relief may be granted, as the Defendants that he sues are obviously immune from his claims. In addition to the Commonwealth of Kentucky, Howard sues each of the individual Defendants in their official capacities only. "Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55

---

² In 2019, Howard was indicted and charged in the Greenup County Circuit Court with engaging in organized crime-criminal syndicate in violation of K.R.S. § 506.120, first degree trafficking in a controlled substance in violation of K.R.S. § 218A.1412 and being a persistent felony offender in the first degree in violation of K.R.S. § 532.080(3). *See Commonwealth v. Michael A. Howard*, No. 19-CR-00046 (Greenup Cir. Ct. 2019). A review of the Kentucky Court of Justice's online Court Records shows that this case remains pending, with a pretrial conference scheduled for January 5, 2023, and a jury trial scheduled for January 9, 2023. *See* https://kcoj.kycourts.net/CourtNet (last accessed on November 14, 2022).

(1978)). Thus, Howard's "official capacity" claims against Leonhart and Merkle are construed as claims against the Commonwealth's Attorney's Office and his "official capacity" claim against Judge McCloud is construed as a claim against the Judicial Branch of the Commonwealth of Kentucky.

However, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019). *See also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

The Commonwealth of Kentucky itself is plainly entitled to immunity. In addition, the Commonwealth's Attorney's Office qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-cv-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). Thus, Howard may not bring constitutional claims pursuant to § 1983 against the Commonwealth or Leonhart, Merkle, and/or Judge McCloud in their official capacities.[3]

---

[3] Even if Howard had sued the individual defendants in their respective individual capacities, his claims would fare no better. His claims against Leonhart and Merkle would be barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial

Moreover, Howard's request for dismissal of his pending criminal case seeks relief that is unavailable in a civil case filed pursuant to 42 U.S.C. § 1983. Rather, to the extent that Howard seeks an earlier or immediate release from physical custody, his only remedy is to seek a writ of habeas corpus; he may not use a civil action to directly or indirectly undermine or impugn the validity of his criminal prosecution. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Because Howard is a pretrial detainee in state custody, he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012).

However, Howard is advised that, while a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, the instances in which a pretrial detainee may do so are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). "[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Because

---

proceeding against defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011). Similarly, claims against Judge McCloud in his individual capacity are barred by the absolute judicial immunity from tort claims arising out of a judge's performance of functions integral to the judicial process. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Howard's motion for a speedy trial is still pending for consideration by the Greenup Circuit Court, his claims related to the alleged delays of his criminal trial may yet be resolved by the state court.

Moreover, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Indeed, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810. *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (noting that "exhaustion of state remedies is required in the absence of unusual circumstances..., and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated.")(citations omitted). Thus, even if Howard's speedy trial motion is denied by the Greenup Circuit Court, he is required to pursue his claims further with the Kentucky Court of Appeals and the Supreme Court of Kentucky before pursuing his claims via a habeas petition filed in this Court.

For all of the foregoing reasons, Howard's complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

Accordingly, it is hereby **ORDERED** as follows:

1. Howard's complaint [R. 1] is **DISMISSED**;

2. The Court will enter an appropriate Judgment; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

-6-

This the 15th day of November, 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

-6-